# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

CASSANDRA DENISE YOUNG,

        Plaintiff,

v.                                    Case No:   6:16-cv-1881-LHP

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____

## MEMORANDUM OF DECISION[1]

Cassandra Denise Young ("Claimant") appeals the final decision of the Commissioner of Social Security ("the Commissioner") denying her applications for disability insurance benefits and supplemental security income.   Doc. No. 1. Claimant raises two arguments challenging the Commissioner's final decision, and, based on those arguments, requests that the matter be reversed and remanded for further administrative proceedings.   Doc. No. 37.   The Commissioner asserts that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and that the final decision of the Commissioner should be affirmed.   Doc.

---

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.   *See* Doc. Nos. 27, 32-33.

No. 38.   For the reasons stated herein, the Commissioner's final decision is **AFFIRMED**.

## I.    PROCEDURAL HISTORY.

On November 7, 2012,[2] Claimant filed applications for disability insurance benefits and supplemental security income, alleging a disability onset date of October 1, 2010.   R. 200–23.   Claimant's applications were denied initially and again upon reconsideration, and she requested a hearing before an ALJ.   R. 107–17, 123–32, 135–36.   A hearing was held before the ALJ on May 5, 2015, during which Claimant was represented by an attorney.   R. 28–71.   Claimant and a vocational expert ("VE") testified at the hearing.   *Id.*

After the hearing, the ALJ issued an unfavorable decision finding that Claimant was not disabled.   R. 8–27.   The Appeals Council denied Claimant's request for review, and Claimant appealed that decision to this Court.   R. 1–6, 783–85.   On July 14, 2017, the Court granted the Commissioner's Motion to Withdraw Answer and for Remand under Sentence Six of 42 U.S.C. § 405(g) and remanded the

---

[2] The "Application Summary for Supplemental Security Income" and the "Application Summary for Disability Insurance Benefits" state that Claimant applied for benefits on November 26, 2012, but according to the ALJ's decision and "Disability Determination and Transmittal" forms, Claimant filed the applications on November 7, 2012.   *Compare* R. 105–06, 615, *with* R. 202, 218.   For consistency, and because the application date is not dispositive of this appeal (as under either date the same set of regulations applies), the Court utilizes the application date stated by the ALJ: November 7, 2012.

case for further administrative proceedings.   R. 786–88.   *See also* Doc. Nos. 20-22. On February 5, 2018, the Appeals Council remanded the matter to the ALJ for further proceedings.   R. 789–93.[3]

A second administrative hearing was held on March 4, 2019, at which Claimant, who was represented by counsel, and a VE testified.   R. 626–55. Following the hearing, on May 20, 2019, the ALJ issued an unfavorable decision finding that Claimant was not disabled.   R. 597–625.   Claimant now seeks review of the final decision of the Commissioner by this Court.   Doc. No. 1.

## II.   THE ALJ'S DECISION.

After careful consideration of the entire record, the ALJ performed the five-step evaluation process as set forth in 20 C.F.R. §§ 404.1520(a), 416.920(a).   R. 602–15.[4]   The ALJ first found that Claimant met the insured status requirements of the

---

[3] Pursuant to the District Court remand order, the ALJ was directed to obtain the missing page of pain management treating physician Nageh Barsoum, M.D.'s January 2013 medical opinion.   R. 600, 791.

[4] An individual claiming Social Security disability benefits must prove that he or she is disabled.   *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).   "The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ('RFC') assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience."   *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citing *Phillips v. Barnhart*, 357 F.3d

Social Security Act through December 31, 2011, and had not engaged in substantial gainful activity since October 1, 2010, the alleged onset date.   R. 603.   The ALJ further found that Claimant suffered from the following severe impairments: "cervical degenerative disc disease, right knee chondromalecia [sic] of the patella, left knee osteoarthritis, lumbar disc disease and headaches."   *Id.*[5]   But the ALJ concluded that Claimant did not have an impairment or combination of impairments that met or equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.   R. 606.

Based on a review of the record, the ALJ found that Claimant had the residual functional capacity ("RFC") to perform light work as defined in the Social Security regulations,[6] except:

---

1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(i)–(v), 416.920(a)(i)–(v)).

[5] The ALJ also found that Claimant's history of ganglion cysts of the right wrist, right wrist pain, positive Tinel's sign, tendinitis, and depression were all non-severe impairments.   R. 603-06.

[6] The social security regulations define light work to include:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.   Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.   To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.   If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b), 416.967(b).

> [C]laimant can never climb ladders, ropes or scaffolds.  She can
> occasionally climb ramps.  She can occasionally balance, stoop, kneel,
> crouch and crawl. [Claimant] can occasionally perform overhead
> reaching.

R. 606.

Next, the ALJ found that Claimant was unable to perform any past relevant work.  R. 613.  However, after considering Claimant's age (younger individual), education, work experience, and RFC, as well as the testimony of the VE, the ALJ concluded that there were jobs existing in significant numbers in the national economy that Claimant could perform, representative occupations to include cashier II, small parts assembler, and inspector/hand packager.  R. 614–15.  Accordingly, the ALJ concluded that Claimant had not been under a disability from October 1, 2010, the alleged onset date, through the date of the ALJ's decision.  R. 615.

## III.   STANDARD OF REVIEW.

Because Claimant has exhausted her administrative remedies, the Court has jurisdiction to review the decision of the Commissioner pursuant to 42 U.S.C. § 405(g), as adopted by reference in 42 U.S.C. § 1383(c)(3).  The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence.  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).  The Commissioner's findings of fact are conclusive if they are supported by

substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## IV.   ANALYSIS.

Claimant raises two assignments of error: (1) the ALJ erred in the RFC determination by failing to properly evaluate medical opinions of record; and (2) the ALJ improperly relied on the VE's testimony after posing and relying on a hypothetical question that did not adequately reflect Claimant's limitations. Doc. No. 37, at 12–22. Accordingly, these are the only issues the Court will address.

### A.   Applicable Law.

An individual claiming Social Security disability benefits must prove that she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v.*

*Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).   At the fourth step of the sequential evaluation process, the ALJ must determine a claimant's RFC.   *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004).   "[T]he regulations define RFC as that which an individual is still able to do despite the limitations caused by his or her impairments," which includes consideration of "all the relevant medical and other evidence in the case."   *Id.* (citations and quotations omitted).

In determining a claimant's RFC, the ALJ must consider all relevant evidence, including the medical opinions of treating, examining, and non-examining medical sources.   *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).   The ALJ must consider a number of factors when weighing medical opinions, including: (1) whether the physician examined the claimant; (2) the length, nature, and extent of the physician's relationship with the claimant; (3) the medical evidence supporting the physician's opinion; (4) how consistent the physician's opinion is with the record as a whole; and (5) the physician's specialization.   20 C.F.R. §§ 404.1527(c), 416.927(c).[7]

A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary.   *See* 20 C.F.R. §§ 404.1527(c)(2),

---

[7] Although the SSA regulations have been amended effective March 27, 2017, the new regulations apply only to applications filed on or after that date.   *See* 20 C.F.R. §§ 404.1520c, 416.920c.   Because Claimant filed her application prior to March 27, 2017, the rules in 20 C.F.R. §§ 404.1527, 416.927 govern here.

416.927(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence).

"Good cause exists 'when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.'" *Winschel*, 631 F.3d at 1179 (quoting *Phillips*, 357 F.3d at 1241). "The requisite 'good cause' is not provided by the report of a nonexamining physician because the opinion of such a person is entitled to little weight if it contradicts the opinion of the claimant's treating physician." *Johns v. Bowen*, 821 F.2d 551, 554 (11th Cir. 1987) (citation omitted).

The ALJ must state the weight assigned to each medical opinion and articulate the reasons supporting the weight assigned. *Winschel*, 631 F.3d at 1179. The failure to state the weight assigned with particularity or articulate the reasons in support of the assigned weight may prevent the Court from determining whether the ALJ's ultimate decision is rational and supported by substantial evidence. *Id*.

B.   <u>Medical Opinion of Dr. Deukmedjian.</u>

First, Claimant argues that the ALJ erred by failing to weigh the medical opinion of Ara Deukmedjian, M.D., who opined on November 15, 2010, that Claimant should avoid lifting more than ten pounds.   Doc. No. 37, at 4, 15; R. 975. Claimant's argument is misplaced because it relies on the medical records of

another individual with a different last name, social security number, date of birth, and height.   *Compare* R. 967-75, 978, 1003, 1005, 1008, 1032-40, 1041, 1047 (listing patient's name as Cassandra Lorenzo, with date of birth July 16, 1962, height 5'7", and different social security number), *with* R. 72, 78, 88, 98, 245 (listing Claimant's name as Cassandra Denise Young, height of 5'6", the same social security number as listed on her applications for benefits, and date of birth of December 24, 1978), R. 32 (Claimant testifying at May 5, 2015 hearing before the ALJ that her date of birth is December 24, 1978), *and* R. 633 (Claimant testifying at March 4, 2019 hearing before the ALJ that she was 40 years of age).   The error proceeded unnoticed not only by both parties but also by the ALJ, who considered and cited to some of the medical records for this other person at step two of the sequential evaluation process, specifically with respect to whether Claimant's depression rose to the level of a severe impairment.   *See* R. 604–05 (citing R. 1077–85).

"[W]here medical records belonging to others are found in a claimant's file, the error is harmless so long as the ALJ recognized that the records were not attributable to the claimant, or substantial evidence still supports the ALJ's determination despite the consideration of third-party records."   *Wyatt v. Colvin*, No. 5:14-cv-19734, 2015 WL 5012140, at *9 (S.D.W. Va. July 31, 2015), *report and recommendation adopted*, 2015 WL 5025292 (S.D.W. Va. Aug. 24, 2015) (citations omitted).   Here, it is clear that any consideration of the records relating to

Cassandra Lorenzo were harmless – the ALJ does not discuss these records in assessing Claimant's RFC, but solely discusses some of the records with respect to whether Claimant's depression equates to a severe impairment – a determination that Claimant does not challenge in the present proceedings. *See* R. 604-05. *See also* Doc. No 37, at 12-19 (arguing that the ALJ erred in failing to accord proper weight to medical opinions regarding limitations on bending, lifting, and use of a cane). Indeed, Claimant has never asserted a mental impairment as a basis for disability. *See* R. 78, 88, 245, 276.

Because the medical opinion of Ara Deukmedjian, M.D. pertains to another person, and because the ALJ did not rely on or consider this opinion in formulating Claimant's RFC, the Court finds no reversible error. *See Goodwin v. Comm'r of Soc. Sec. Admin.*, No. CIV. 09-00469 LEK, 2011 WL 4498971, at *6-7 (D. Haw. Sept. 26, 2011) ("[E]ven assuming arguendo that the ALJ . . . considered a history of drug use based on medical records belonging to another person, the error does not require reversal because it was inconsequential to the ultimate disability determination. The ALJ did not base either his adverse credibility determination or his determination of Plaintiff's RFC on her prior drug use.").

C.    Medical Opinions of Dr. Barsoum and Dr. Cross.

Next, Claimant argues that the ALJ failed to properly consider the opinions of pain management treating physicians, Nageh Barsoum, M.D., and Melanie Cross,

M.D.   Doc. No. 37, at 16–17.   Specifically, Claimant argues that despite affording their opinions "great weight," the ALJ did not consider and account for the bending and lifting limitations contained in Dr. Barsoum's and Dr. Cross's treatment notes.[8] *Id.*   Additionally, Claimant argues that the ALJ's RFC assessment does not account for Dr. Cross's opinion that Claimant should get a cane to prevent falls, in contravention of Social Security Ruling ("SSR") 96-9p.   *Id.* at 17–19.

During a March 28, 2012 office/outpatient visit, Dr. Barsoum recommended that Claimant treat her chronic low back pain with prescription medications, she should apply moist heat, perform home back strengthening exercises, and avoid bending and lifting.   R. 406.   *See also* R. 431 (health portal print out from Sunshine Pain Clinic making same treatment plan recommendations); R. 472 (January 25, 2013 office/outpatient visit treatment notes making same treatment plan recommendations).   On January 22, 2013, Dr. Barsoum completed a Treating

---

[8] The Court notes that the supplemental Social Security transcript filed by the Commissioner, (*see* Doc. No. 26), contains evidence, including additional medical records dated February 2018 through February 2019 from Dr. Cross (R. 663–740), that was not marked as an exhibit and not considered by the ALJ in her decision.   It is not evident to the Court at what point during the administrative process this evidence was submitted, and Claimant does not argue that this evidence was improperly overlooked by the ALJ or the Appeals Council.   Accordingly, any such argument is waived.   *See generally Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1282 n.3 (11th Cir. 2009) (an argument not presented to district court is waived); *Nimbus Techs., Inc. v. SunnData Prod.*, Inc., 484 F.3d 1305, 1309 n.3 (11th Cir. 2007) (same).   As such, when determining whether substantial evidence supports the ALJ's evaluation of Dr. Barsoum's and Dr. Cross's opinions, the Court will limit its review to the evidence relied upon by the ALJ.

Source Fibromyalgia Questionnaire on Claimant's behalf.   R. 920–21.   Dr.
Barsoum indicated that Claimant had a history of chronic low back and knee pain
and osteoarthritis.   R. 920.   He opined that Claimant had 5/5 grip and lower
extremity strength and did not require a hand-held assistive ambulatory device or
frequent periods of rest on a daily basis.   R. 921.   The ALJ considered Dr.
Barsoum's opinion, and assigned it "great weight" finding it "consistent with his
own treatment notes of record . . . that documented normal objective findings
contemporaneously documented at the time of [Claimant's] examinations."   R.
612.   *See also* R. 610.

On September 29, 2015, in a Monthly Evaluation treatment form, Dr. Cross
noted that Claimant's medications were working, and instructed Claimant to avoid
drinking alcohol and coffee, to perform daily exercises and daily relaxation as
directed, and to avoid lifting, bending, and pulling.   R. 1257.   These same
treatment plan instructions were provided to Claimant at other monthly visits on
October 27, 2015 (R. 1255), November 24, 2015 (R. 1253), December 22, 2015 (R.
1251), January 19, 2016 (R. 1249), February 16, 2016 (R. 1247), March 15, 2016 (R.
1243), April 12, 2016 (R. 1241), May 10, 2016 (R. 1239), and June 7, 2016 (R. 1237).
And for each of these Monthly Evaluation treatment forms, Dr. Cross opined that
Claimant's medications were working well (other than one occasion where
Claimant was weaned off morphine due to side effects), that Claimant's gait and

station improved with treatment, and that Claimant was "stable and doing well." R. 1236-61.   The ALJ considered Dr. Cross's opinion that Claimant's medications were working well and assigned it "great weight" "because it [was] internally consistent with the normal objective physical findings consistently documented by Dr. Cross contemporaneously upon examination of [Claimant] throughout the relevant period, which shows [Claimant's] pain symptomatology decreased with medication."   R. 612.

Claimant argues that the ALJ erred by not taking into consideration the treatment plan recommendations/instructions by Drs. Barsoum and Cross to avoid bending, lifting, and pulling.   Doc. No. 37, at 16-17.   However, these treatment recommendations do not constitute "medical opinions" as contemplated by the Social Security regulations.   *See* 20 C.F.R. §§ 404.1527(a)(1), 416.927(a)(1) (defining medical opinions as "statements from acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, *what [the claimant] can still do despite impairment(s)*, and [the claimant's] physical or mental restrictions" (emphasis added)).   As the Commissioner correctly points out, Dr. Barsoum and Dr. Cross did not specify "how frequently [Claimant] could bend nor how much and how frequent [Claimant] could lift[,]" nor whether it would affect Claimant's ability to complete a normal workday.   *See* Doc. No. 38, at 11–12.   Rather, Dr. Barsoum and

Dr. Cross made treatment recommendations, which also included the use of moist heat, back strengthening exercises, daily exercises and daily relaxation, and the avoidance of alcohol and coffee.

Accordingly, Claimant's argument that the ALJ failed to weigh Dr. Barsoum's and Dr. Cross's "medical opinions" is unpersuasive.   *See Romero v. Comm'r of Soc. Sec.*, 752 F. App'x 906, 908 (11th Cir. 2018) (finding that medical records recording the claimant's physical complaints, medical history, examination and laboratory test results, and treatment recommendations did not constitute medical opinions and therefore, the ALJ "was not required to state what weight he assigned to medical records that did not qualify as medical opinions");[9] *Adams v. Comm'r of Soc. Sec.*, No. 6:21-cv-523-EJK, 2022 WL 7666539, at *3 (M.D. Fla. Mar. 21, 2022) (finding recommendation that discussed surgery and the risks involved was not a medical opinion as it did not provide the ALJ with any judgment about the claimant's limitations as a result of her impairments, but was more akin to treatment notes, and therefore the ALJ was not required to weigh the recommendation); *Chambers v. Comm'r of Soc. Sec.*, No. 6:18-cv-534-Orl-40DCI, 2019 WL 2192469, at *4 (M.D. Fla. May 6, 2019), *report and recommendation adopted*, 2019 WL 2184804 (M.D. Fla. May

---

[9] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants."   *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1354 n.7 (11th Cir. 2007).

21, 2019) (statements by medical provider about recommendations for future treatment do not constitute medical opinions that the ALJ is required to weigh). *See also Daywalt v. Kijakazi*, No. 1:20cv277, 2021 WL 3679304, at *8 (M.D.N.C. Aug. 19, 2021) ("A *recommendation* that a patient undertake certain ameliorative measures does not equate to a physical *restriction* or a judgment about what Plaintiff can still do despite her impairments." (emphasis in original)).

Claimant also argues that the ALJ erred by not including limitations in the RFC regarding Claimant's purported use of a cane, as Dr. Cross opined that Claimant "should 'get a cane to prevent falls.'"   Doc. No. 37, at 17 (citing R. 1251). Claimant also argues that the ALJ erred by not "affirmatively indicat[ing] whether she rejected [Claimant's] need for a cane" in contravention of SSR 96-9p.[10]   *Id*. at 18.

SSR 96-9p provides in pertinent part:

To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any

---

[10] SSRs are binding on the SSA, but they are not binding on this Court.   *See Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 775 (11th Cir. 2010) ("Social Security Rulings are agency rulings published under the Commissioner's authority and are binding on all components of the Administration.   Even though the rulings are not binding on us, we should nonetheless accord the rulings great respect and deference, if the underlying statute is unclear and the legislative history offers no guidance." (citing *B.B. v. Schweiker*, 643 F.2d 1069, 1071 (5th Cir. 1981))).

other relevant information).   The adjudicator must always consider the particular facts of a case.

SSR 96-9p, 1996 WL 374185, at *7.[11]

Thus, "[u]nder SSR 96-9p, a claimant must present medical documentation (1) establishing her need for a cane or other device and (2) describing the circumstances for which it is needed."   *Charity v. Comm'r of Soc. Sec.*, No. 6:19-cv-1075-Orl-EJK, 2020 WL 5797623, at *3 (M.D. Fla. Sept. 29, 2020) (citation omitted). "Without such a showing, an administrative law judge would not be required to include the use of an assistive device in the RFC or the hypothetical to the vocational expert."   *Id.* (citation omitted).

---

[11] The Court notes that SSR 96-9p addresses the use of hand-held assistive devices in the context of sedentary work.   *See* SSR 96-9p, 1996 WL 374185 (titled, "Policy Interpretation Ruling Titles II and XVI: Determining Capability to Do Other Work – Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work").   Although several courts have applied SSR 96-9p to cases involving an RFC limited to light work, other courts have questioned whether SSR 96-9p even applies outside of the context of sedentary work.   *Compare Ortiz v. Saul*, No. 8:19-cv-199-T-CPT, 2020 WL 1527856, at *4 & n.6 (M.D. Fla. Mar. 31, 2020) (applying SSR 96-9p to RFC of light work where the parties did not dispute its applicability, citing cases where other courts applied SSR 96-9p to cases involving RFC limitations to light work), *with Machicote v. Comm'r of Soc. Sec.*, No. 6:20-cv-1907-GKS-EJK, 2022 WL 769997, at *4 (M.D. Fla. Jan. 3, 2022), *report and recommendation adopted*, 2022 WL 768017 (M.D. Fla. Mar. 14, 2022) (determining that SSR 96-9p did not apply to cases involving anything other than sedentary work, citing cases).   Given that both parties cite and rely upon SSR 96-9p in their briefing, the Court presumes that it applies in this case.   *See Ortiz*, 2020 WL 1527856, at *4 (applying SSR 96-9p to case involving RFC limited to light work where the parties did not dispute that it applied, and both parties relied upon it in their briefing).   *See also Irwin v. Comm'r of Soc. Sec.*, No. 2:20-cv-230-MRM, 2021 WL 4077586, at *4 (M.D. Fla. Sept. 8, 2021) (finding SSR 96-9p persuasive in case where the claimant's RFC was limited to light work and where both parties relied on the SSR 96-9p in their respective arguments).

The only argument Claimant makes in an attempt to satisfy the requirements of SSR 96-9p is a lone reference to Dr. Cross's December 22, 2015 note, in which she states that Claimant was "to get cane to prevent falls."   Doc. No. 37, at 18-19.   *See also* R. 1251.   This is not enough.   First, Dr. Cross's statement appears as a functional goal "designed to restore ROM, decrease pain and increase function." R. 1251.   There is no further context provided, and it is unclear whether Dr. Cross was prescribing a cane, simply noting Claimant's subjective intent to procure a cane, or whether Claimant requested a cane herself.   Dr. Cross's note also fails to describe the specific circumstances for which the cane was needed, as required under SSR 96-9p.   Accordingly, Dr. Cross's statement is insufficient to show that a cane was medically necessary and to require the ALJ to incorporate its use into the RFC.   *See Sutton v. Berryhill*, No. 2:16cv741, 2017 WL 6803521, at *7 (E.D. Va. Dec. 7, 2017), *report and recommendation adopted*, 2018 WL 284982 (E.D. Va. Jan. 3, 2018) (finding a physician's note that the claimant "would benefit from using a cane d[id] not meet [the] criteria to constitute a medical opinion that [the claimant] needed a cane.   It was therefore not error to exclude a need for a cane from [the claimant's] RFC determination.").

Second, the record does not establish medical necessity of a cane.   To the contrary, the medical evidence of record considered by the ALJ shows that Claimant did not require the use of a cane to ambulate, and that physical examinations of

Claimant repeatedly demonstrated normal gait and stance.   *See* R. 608-12 (citing R. 328–33, 375, 378, 381, 384, 387, 390, 393, 396, 399, 402, 405, 438, 441, 444, 447, 450, 453, 456, 459, 462, 465, 468, 471, 474, 478, 482, 485, 488, 492, 495, 498, 502, 505, 508, 512, 516, 520, 523, 527, 531, 542, 547, 551, 906, 917–18, 921, 1236–50, 1467, 1469, 1471, 1473, 1475, 1477, 1479, 1481, 1483, 1486, 1488, 1490, 1492, 1494, 1499, 1501, 1503, 1505, 1507, 1509, 1511, 1513, 1515, 1521–22, 1529–30, 1535–36).   Thus, Claimant has not satisfied the requirements of SSR 96-9p, and the ALJ was not required to include the use of a cane in the RFC.   *Cf. Jacobus v. Comm'r of Soc. Sec.*, 664 F. App'x 774, 778 (11th Cir. 2016) ("Nor did the ALJ err in failing to account for [the claimant's] claimed need to use a cane, as [the claimant] only appeared at one medical appointment with a cane, and appeared numerous times after that appointment without a cane and with no noted walking difficulties or gait abnormalities."); *Kendrick v. Comm'r of Soc. Sec.*, No. 5:17-cv-244-Oc-GKS-PRL, 2018 WL 4126528, at *4 (M.D. Fla. July 9, 2018), *report and recommendation adopted*, 2018 WL 4112832 (M.D. Fla. Aug. 29, 2018) (finding the ALJ was not required to include the use of a cane in the RFC where the medical record revealed that while plaintiff used a cane due to frequent falls and for stability, the cane was not actually medically necessary and later exams revealed no gait disturbances).[12]

---

[12] In one sentence, Claimant argues that "it is not clear why the ALJ did not include any limitation in the residual functional capacity determination indicating the claimant required a cane" based on Dr. Cross's statement "get a cane to prevent falls."   Doc. No.

Accordingly, the Court finds no reversible error.

D.    Testimony of the VE.

Last, Claimant argues that "[t]he ALJ improperly relied on the testimony of the [VE] after posing and relying on a hypothetical question that did not adequately reflect the limitations of [Claimant]" namely the lifting, bending, and/or pulling limitations opined by Dr. Deukmedjian, Dr. Barsoum, and Dr. Cross.   Doc. No. 37, at 20–22.   The Commissioner responds that because "substantial evidence supports the ALJ's RFC[,]" and because the ALJ's hypothetical question "mirrored her RFC finding," the ALJ properly relied on the VE's testimony.   Doc. No. 38, at 14.

The ALJ may consider the testimony of a VE in determining whether a claimant can perform other jobs in the national economy.   *Phillips*, 357 F.3d at 1240. To do so, the ALJ is required to pose hypothetical questions that are accurate and that include all of the claimant's functional limitations.   *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) (per curiam).   The ALJ, however, is not required to include "each and every symptom" of the claimant's impairments, *Ingram v. Comm'r*

---

37, at 17.   To the extent Claimant intends this sentence to be a separate argument concerning the weight the ALJ gave to Dr. Cross's opinions, this argument fails due to its perfunctory nature, and because this vague statement cannot constitute a medical opinion. *See N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."); *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("A passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it.").

*of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007), or "findings . . . that the ALJ had properly rejected as unsupported." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004).

Here, as discussed *supra*, the Court finds no error in the ALJ's RFC determination based upon her evaluation of the medical opinions of Dr. Deukmedjian, Dr. Barsoum, and Dr. Cross.   Because the ALJ's RFC determination is supported by substantial evidence, and the RFC was incorporated into the hypothetical question posed to the VE, the ALJ did not err in relying on the VE's testimony.   *See Crawford*, 363 F.3d at 1161; *Ybarra v. Comm'r of Soc. Sec.*, 658 F. App'x 538, 542–43 (11th Cir. 2016) (rejecting a claimant's argument that the ALJ's hypothetical question posed to the VE was defective "because the criticisms that [the claimant] aim[ed] at the hypothetical question [were] identical to those leveled at the ALJ's RFC, and . . . the RFC [was] supported by substantial evidence"). Accordingly, the Court finds Claimant's second assignment of error unpersuasive.

## V.    CONCLUSION.

Based on the foregoing, it is **ORDERED** that:

1.    The final decision of the Commissioner is **AFFIRMED**.

2.    The Clerk of Court is **DIRECTED** to enter judgment in favor of the Commissioner, and thereafter, to **CLOSE** the case.

**DONE** and **ORDERED** in Orlando, Florida on August 2, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record